IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| RANDY LEE NUNNALLY, ) | |
| ) | |
| Debtor. ) | Bankruptcy No. 11-00364 |

### ORDER RE: MOTION TO AVOID LIEN

This matter came before the undersigned on March 30, 2010 for hearing on Debtor's Motion to Avoid Lien Impairing Debtor's Exemption. Debtor appeared with attorney Don E. Gottschalk. The objecting creditors, Scott and Linda Hansen appeared without counsel. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

### STATEMENT OF THE CASE

Debtor filed his Chapter 7 bankruptcy petition on March 1, 2011. The next day, he filed a Motion to Avoid Lien. The Motion asserts the lien held by Scott and Linda Hanson from a small claims judgment in Iowa District Court for Butler County impairs his homestead exemption. Scott and Linda Hansen filed an objection asserting their judgment is based on a pre-existing debt.

Debtor responds that he acquired his interest in his homestead real estate through a Warranty Deed which was recorded on June 25, 2003 in Butler County. A copy of the deed is attached to the Response and was admitted as Exhibit 1 at the hearing.

Mr. and Mrs. Hansen obtained their small claims judgment in case number SCSC 009425 in April 2005. Mrs. Hansen testified that the judgment was based on Debtor's failure to turn over property owned by the Hansens which was stored in a garage on Debtor's property. She stated that Debtor had agreed to let the Hansens store some possessions in his garage and they could come any time to get them.

Mrs. Hansen stated she went to pick up her property, but Debtor refused to allow her access. She filed a complaint with the county sheriff on January 29, 2004 after Debtor denied her access to the property, and later took the matter to small claims court.

Debtor contends that a theft charge against him, which was filed upon Mrs. Hansen's complaint, alleges a theft date of September 29, 2003. The theft charge was ultimately dismissed by the county attorney in December 2005 for lack of evidence. In the meantime, the Hansens filed the small claims action and received a judgment. Debtor does not deny that the Hansens have a valid judgment. Rather, he asserts he acquired his homestead prior to incurring the underlying debt, which prevents the judgment from becoming a lien on his homestead. Debtor points out that all the documentation he has discovered shows the deed to his homestead was recorded before any liability to the Hansens could have arisen.

## CONCLUSIONS OF LAW

Under Iowa law, "[t]he homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16. Thus, "a judgment lien generally cannot attach to land used and occupied as a homestead and land designated as a homestead generally cannot be executed upon to enforce a judgment lien." Baratta v. Polk County Health Services, 588 N.W.2d 107, 110 (Iowa 1999).

Exceptions to the homestead exemption are found in section 561.21, which states, in pertinent part: "The homestead may be sold to satisfy debts . . . contracted prior to its acquisition." Iowa Code § 561.21(1). When determining whether a debt predates the acquisition of a homestead under section 561.21(1), "[t]he date of contracting the debt is the test, and not that of the rendition of the judgment." Bills v. Mason, 42 Iowa 329, 334 (1876); In re Streeper, 158 B.R. 783, 788 (Bankr. N.D. Iowa 1993).

Pursuant to 11 U.S.C. § 522(f)(1)(a), the Court may grant a debtor's motion to avoid a judicial lien if such lien impairs an exemption to which the debtor would otherwise be entitled. In Iowa, a debtor is entitled to claim a homestead exempt from judgment liens, except those based on debt incurred prior to the acquisition of

2

the homestead. In re Schaefer, 331 B.R. 401, 413 (Bankr. N.D. Iowa 2005); Iowa Code § 561.21(1).

## ANALYSIS

Debtor asks the Court to determine that the debt on which the Hansens' judgment is based does not predate the acquisition of his homestead, and avoid the Hansens' judgment lien on his homestead. Based on the record presented, the Court finds this relief should be granted. At the hearing, Mrs. Hansen stated she filed a complaint with the county sheriff on January 29, 2004. Attorney Gottschalk stated that he learned from the county sheriff that the alleged theft date was September 29, 2003 and the theft charges were ultimately dismissed. Neither of these dates predate Debtor's acquisition of his homestead on June 25, 2003, as evidenced by the Warranty Deed.

In summary, the Court concludes that, under Iowa law, Debtor's homestead may not be sold to satisfy the Hansens' small claims judgment which arose after acquisition of the homestead. Therefore, the lien of that judgment is avoidable under § 522(f)(1)(A). Nothing in this ruling precludes Trustee from exercising any rights under the Bankruptcy Code.

**WHEREFORE**, Debtor's Motion to Avoid Lien is GRANTED.

**FURTHER**, the lien on Debtor's homestead real estate, arising from the Butler County small claims judgment held by Scott and Linda Hansen in SCSC 009425, is avoided.

Dated and Entered:

March 31, 2011

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE